FILED
CLERK, U.S. DISTRICT COURT
APR 3 0 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARYN NOLEN, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MAPLE LEAF FARMS, INC., d/b/a WOODLAND FARMS; WOODLAND FARMS, INC. and DOES 1-10,<br><br>Defendants. | Case No.: CV12 0660 MMM (JEMx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br><br>Date Complaint Filed: January 23, 2012<br>Discovery Cutoff: Not Scheduled Yet<br>Trial Date: Not Scheduled Yet |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and as set forth herein. **The parties acknowledge, that this Stipulated Protective Order creates no entitlement to file material under seal; Local Rule 79-5 sets forth the procedures that must be**

**followed and reflects the standards that shall be applied when a party seeks permission from the Court to file material under seal.**

2. DEFINITIONS

Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

"CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things and shall include: (i) trade secret information as defined by Cal. Civ. Code §3426.1[1]; (ii) confidential financial information pertaining to a Party; and (iii) information which, if disclosed could constitute a violation of any third party's right of privacy or otherwise violates an obligation of confidentiality owed to a third party, such as personnel records and medical records, and other records containing employee social security numbers, dates of birth and home addresses

Counsel (without qualifier): Counsel of Record and their support staff.

Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

---

[1] Cal. Civ. Code §3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

<u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

<u>Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

<u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

<u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

<u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

<u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

<u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

///

///

- 3 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.2 <u>Manner and Timing of Designations</u>. Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3 <u>Designation</u>. Designation in conformity with this Order requires that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

- 4 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

portion(s) (e.g., by making appropriate markings in the margins).

For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4 **Redaction of Portions of Protected Material.** A Producing Party, may, in good faith, redact such portions of Protected Material that it deems: (i) protected by the attorney-client privilege; (ii) to be attorney work-product; or (iii) containing information that is irrelevant to this matter. For all portions of redacted Protected Material, the Producing Party shall make it clear that material has been redacted and include a brief comment explaining the basis of any redaction. Wherever possible, this explanation shall be affixed close to the portion of redacted Protected Material.

5.5 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS OR REDACTIONS**

6.1 **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality or redaction at any time. Unless a prompt challenge to

a Designating Party's confidentiality designation or redaction is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation or redaction by electing not to mount a challenge promptly after the original designation or redaction is disclosed.

  6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation or redaction it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality or redaction is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation or redaction was not proper and must give the Designating Party an opportunity to review the designated or redacted material, to reconsider the circumstances, and, if no change in designation or redaction is offered, to explain the basis for the chosen designation or redaction. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation or redaction if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the court and its personnel;

(c) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1  (d) during their depositions, witnesses in the action to whom
2  disclosure is reasonably necessary and who have signed the "Acknowledgment and
3  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating
4  Party or ordered by the court. Pages of transcribed deposition testimony or exhibits
5  to depositions that reveal Protected Material must be separately bound by the court
6  reporter and may not be disclosed to anyone except as permitted under this
7  Stipulated Protective Order.

8. **THE AUTHOR OR RECIPIENT OF A DOCUMENT CONTAINING THE INFORMATION OR A CUSTODIAN OR OTHER PERSON WHO OTHERWISE POSSESSED OR KNEW THE INFORMATION. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must: (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing

in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PROTECTED MATERIAL</u>

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify procedures in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. <u>MISCELLANEOUS</u>

<u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

<u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<u>Compliance with Local Rule 79-5.1: Filing Protected Material.</u>

Without written permission from the Designating Party, a Party may not file in the public record in this action any Protected Material. Pursuant to Local Rule 79-5.1, if Protected Material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shallb e lodged under seal. Moreover, any disputes over the designation of confidential information may only be resolved by the procedures described in Local Rule 37.

12. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party at their expense or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4.

13. <u>GOOD CAUSE</u>

Good cause exists to protect the Protected Material (Parties' financial records, trade secret and proprietary information as defined herein, personnel records, medical records, and any other records containing social security numbers, dates of birth an addresses) from being disclosed to the public, but the parties agree that such information may be exchanged through the discovery process for the limited purpose of prosecuting and defending against this case.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: 4/23/12                FOX ROTHSCHILD LLP

_____
David R. Faustman
Yesenia M. Gallegos
Attorneys for Defendants Maple Leaf Farms, Inc. and Woodland Farms, Inc.

DATED: 4/25/12                FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP

_____
Michael Josephson
Attorneys for Plaintiff Sharyn Nolen

DATED: 4-23-2012              THE DOWNEY LAW FIRM, LLC

_____
Daniel P. Hunt
Attorneys for Plaintiff Sharyn Nolen

- 12 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

PURSUANT TO THE PARTIES' STIPULATION AND GOOD CAUSE HAVING BEEN ESTABLISHED, IT IS SO ORDERED.

Dated: 4/30/2012

_____
JOHN E. MCDERMOTT
United States District Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of <u>Nolen v. Maple Leaf Farms, Inc. et al., Case No. CV12 0660 MMM (JEMx)</u>. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. Consent to jurisdiction for purposes of enforcing this Stipulated Protected Order shall expire within three years after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]